UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE DAVIS,

    Plaintiff,

v.

WALMART, INC. and BROSNAN RISK
CONSULTANTS, LTD,

    Defendant.

Case No. 2:23-CV-2309-TC-TJJ

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff's Motion for Leave to Amend Pleadings or, in the Alternative, to Consolidate (ECF No. 38). Plaintiff seeks leave to amend her complaint to add additional claims against Defendant Walmart, Inc. In the alternative, Plaintiff requests that the Court consolidate this action with another action pending against the same defendant, *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, for the purposes of pretrial discovery and trial. Defendants oppose the motion and argue allowing Plaintiff to amend her Complaint or consolidate these cases would be prejudicial to Defendants and cause confusion of the issues. On May 17, 2024, the Court conducted an in-person hearing and heard testimony from counsel in both cases regarding the motion.[1] For reasons stated below, the Court denies Plaintiff's motion.

**I.    Factual and Procedural History**

    Plaintiff is an African American woman. On July 30, 2021, Plaintiff alleges she visited

---

[1] ECF No. 60.

Defendant Walmart, Inc.'s retail store in Roeland Park, Kansas, to initiate the return process for items she previously purchased. Upon deciding to keep one of the items, she requested a bag to carry the item as she continued to shop in the store. After leaving customer service, Plaintiff visited the apparel section and the food aisle. Plaintiff then proceeded toward the exit when she was approached by a white employee of Defendant Brosnan Risk Consultants, Ltd., the company contracted to provide security at the store, who accused Plaintiff of shoplifting. Plaintiff repeatedly denied the shoplifting accusations. During this time, another Brosnan security guard and an associate of Defendant Walmart, Inc., arrived and accused her of shoplifting. On July 13, 2023, Plaintiff filed this action against Defendants alleging they were negligent and discriminated against her during her visit to the Roeland Park store. Plaintiff alleges negligence claims against both Defendants and § 1981 and § 2000a race discrimination claims against both Defendants.

On December 7, 2023, the Court entered a Scheduling Order in this case, setting a deadline of January 12, 2024 for the parties to file any motions for leave to join additional parties or to otherwise amend the pleadings.[2] On December 29, 2023, Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On March 26, 2024, Plaintiff filed this motion to Amend and/or consolidate, seeking to add the following claims against Defendant Walmart, Inc.: 1) race discrimination in violation of Title VII; 2) racial harassment in violation of Title VII; 3) retaliation in violation of Title VII; 4) Family and Medical Leave Act ("FMLA") retaliation; 5) race discrimination (in her employment) in violation of 42 U.S.C. § 1981; and 6) retaliation in violation of 42 U.S.C. § 1981. On that same day, Plaintiff filed an entirely new lawsuit, *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, alleging claims identical to those

---

[2] ECF No. 29.

2

in her proposed Amended Complaint. Plaintiff requests that, if the Court denies her motion to amend her Complaint, the Court consolidate this case with *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, for the purposes of pretrial discovery and trial.

For the first time in her proposed Amended Complaint, Plaintiff states she was on paid medical leave under the FMLA from her employment with Defendant Walmart, Inc. for in vitro fertilization appointments and treatments at the time of the shoplifting incident at the Walmart store in Roeland Park. She alleges that prior to taking leave in July of 2021 and reporting the discrimination at the Roeland Park Walmart, Plaintiff had received positive performance reviews. Plaintiff's proposed Amended Complaint adds an additional 200 paragraphs of facts and allegations of inappropriate conduct during her employment with Defendant Walmart, Inc., taking place over 18 months from July of 2021 through November of 2022, after Plaintiff's shoplifting incident.

Plaintiff alleges in her proposed Amended Complaint that on August 5, 2021, she opened an investigation into the shoplifting incident and met with the CEO of Defendant Walmart, Inc. to discuss steps the company should take to stop racial profiling. From then on, Plaintiff describes various events involving her supervisors wherein she was subjected to discriminatory, retaliatory, and harassing behavior. On November 21, 2022, Plaintiff took another approved medical leave of absence due to the hostile work environment, and nine days after her return, Defendant terminated her employment.

## II.    Motion to Amend

Plaintiff argues the Court should grant her leave to amend her pleadings and file her First Amended Complaint because Defendants cannot show any delay or prejudice, Defendants received notice of Plaintiff's Charge of Discrimination on January 9, 2023, and they cannot assert

bad faith or dilatory motive because Plaintiff could not have made these amendments prior to receiving the Notice of Right to Sue from the EEOC in December of 2023. Further Plaintiff argues if the Court does not allow the amendment, Defendant can move to dismiss Plaintiff's new case under the "claim splitting" doctrine. Defendant argues allowing Plaintiff to amend her complaint would be inherently prejudicial to Defendants as they would have to start anew on multiple new, unrelated claims and theories, all of which are unrelated to Defendant Brosnan Risk Consultants, Ltd.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier. Other amendments are allowed "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires." The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[3]

---

[3] Fed. R. Civ. P. 16(b)(4).

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[4] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[5]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[6] The lack of prejudice to the nonmovant does not show good cause.[7] A district court's determination of whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[8]

Under Rule 16, the Court finds that Plaintiff has not demonstrated "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. During the May 17, 2024, in-person hearing, the Court was not persuaded by Plaintiff's counsel's arguments. As stated in her motion, Plaintiff received the right to sue letter from the EEOC on December 29, 2023, two weeks before the deadline for Plaintiff to file a motion to amend her pleadings. Plaintiff contacted

---

[4] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[5] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[6] *Id.* at *5.

[7] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[8] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

Defendant on January 19, 2024, seeking their written consent to file the motion, and Defense counsel stated it would not consent to the motion. Plaintiff did not file the present motion until March 26, 2024, and merely states in her motion, "Due to the press of business, it has taken Plaintiff time to complete the necessary documents for a contested filing." Plaintiff later states, "At the end of the year Counsel was out for the holidays. When counsel returned, counsel had to research the issue and determine that claim splitting could be an issue. Counsel then had to confer with one another, with their client and Defendants." Plaintiff has not stated any reason why she could not meet the deadline even if she had acted with due diligence, and at no point did Plaintiff request an extension of the deadline from the Court. Therefore, the Court denies Plaintiff's motion to amend as untimely because she has not demonstrated good cause under Rule 16 for the belated amendment.

The Court also denies Plaintiff's motion under Rule 15(a). The Court finds that, at this time, allowing Plaintiff to amend her Complaint would be unduly prejudicial to Defendants, especially Defendant Brosnan Risk Consultants, Ltd. Plaintiff filed this case on July 13, 2023. On December 7, 2023, the Court entered the current Scheduling Order in this case. The parties had been engaging in the discovery process for almost four months by the time Plaintiff filed the present motion. Defendants have served a business records subpoena upon Big Sky Fertility, Kansas City Center for Anxiety Treatment, P.A., New Hope Counseling Center, LLC, and Susie Pitts.[9] Defendants have also served their first requests for production of documents and

---

[9] ECF Nos. 43–46.

interrogatories, and Plaintiff has responded to those requests.[10] Plaintiff served her first Interrogatories and Requests for Production, and Defendant has responded to those requests.[11]

Plaintiff's proposed amendments are substantial and have only been asserted against Defendant Walmart, Inc. Plaintiff's original Complaint in this case contained 68 paragraphs addressing the single shoplifting incident on July 31, 2021. Her proposed Amended Complaint adds an additional 200 paragraphs of allegations describing inappropriate conduct within the context of her employment with Defendant Walmart, Inc. that took place after the shoplifting incident. While Plaintiff argues her new claims and allegations are related to the shoplifting incident, the overlap between the claims is minimal. Plaintiff alleges her report to the CEO of Walmart about the shoplifting incident precipitated the employment-related retaliatory behavior/discrimination that began in July of 2021. However, determining the merit of Plaintiff's negligence and discrimination claims at issue in this case regarding the shoplifting incident is not necessary for determining whether Defendant Walmart, Inc. discriminated against her during the scope of her employment. Further, in denying Plaintiff's motion to amend, the Court is not preventing Plaintiff from bringing her employment related claims, as Plaintiff filed a separate lawsuit, *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, addressing all of her employment claims.

Plaintiff's concerns as to dismissal based on claim splitting are without merit. The Claim Splitting doctrine applies when one lawsuit is filed to defeat another.[12] "There must be the same

---

[10] ECF Nos. 30 and 34.

[11] ECF Nos. 48, 49, and 59.

[12] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same."[13] The doctrine of Claim Splitting is analyzed as an aspect of res judicata, but it is not analyzed under the same framework.[14] "[C]laim splitting and res judicata both serve the same interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation."[15] However, the Claim Splitting doctrine does not require a final judgment.[16] The Claim Splitting doctrine analyzes whether, assuming the first-filed suit was already final, whether the second suit would be precluded pursuant to res judicata.[17]

As stated above, in her new case, *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, Plaintiff is bringing claims regarding her employment with Defendant Walmart, Inc., whereas here, she is bringing claims against Defendant Walmart, Inc. and Defendant Brosnan Risk Consultants, Ltd. regarding a shoplifting incident that happened outside the scope of Plaintiff's employment. The doctrine of Claim Splitting does not apply where the two cases address different claims and prayers for relief. Therefore, there is no risk of dismissal for bringing these related cases separately.

Therefore, the Court denies Plaintiff's motion in regard to her request to amend her original Complaint.

---

[13] *Id*. (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).

[14] *Id*. at 1218. The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

[15] *Katz*, 655 F.3d at 1218.

[16] *Id*.

[17] *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n. 1 (10th Cir. 2002).

**III.    Motion to Consolidate**

In the alternative, Plaintiff argues the Court should consolidate this case with Plaintiff's new case, *Davis v. Walmart, Inc.*, Case No. 2:24-cv-02114-TC-TJJ, because some of Defendant Walmart, Inc.'s mistreatment of Plaintiff during the course of her employment arises out of the shoplifting incident at the heart of this case, and consolidation would avoid unnecessary cost related to the gathering and presentation of evidence on that issue. Defendant argues the inconvenience, delay, and expense of consolidating this newly filed suit against Defendant Walmart, Inc. would far outweigh the convenience and expedition of consolidation.

Under Federal Rule of Civil Procedure 42(a)(2), the court may consolidate for trial or hearing any or all of the matters at issue in the actions if they involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[18] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[19] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[20]   In determining whether consolidation was appropriate, the Tenth Circuit has also considered: (1) whether the relief sought varies substantially between the two

---

[18] *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.*, No. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[19] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[20] *Id.*

actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[21]

Considering the three factors used by the Tenth Circuit to evaluate whether consolidation would be appropriate, the Court finds these factors favor trying these cases separately. During the May 17, 2024, in-person hearing, the Court was not persuaded by Plaintiff's counsel's arguments. First, the relief sought varies substantially between the two actions. In the second case, Plaintiff is seeking economic damages in the form of front and back pay due to termination from her employment, and in the first case, Plaintiff is seeking damages for loss of self-esteem, humiliation, emotional distress, mental anguish and pain, and related compensatory damages. Second, Defendant Brosnan Consultants, Ltd., is not being sued in the second case, and Defendant Walmart, Inc., is being sued in different capacities in the separate cases. In the second case, Defendant Walmart, Inc., is being sued as Plaintiff's employer, and in the first case, Plaintiff is suing Defendant as an alleged tortfeasor and for discrimination while she was a customer in their store (not as an employee).

Finally, as to the benefits and injury caused by consolidation, as discussed above, consolidation would significantly delay the pretrial process for the first filed case against Defendant Walmart, Inc., and Defendant Brosnan Risk Consultants, Ltd. The parties are 5.5 months into their discovery period, with 5 weeks remaining. The parties have already engaged in discovery specific to the shoplifting incident, and if these cases were consolidated, they would have to restart the discovery period and engage in 4-6 months of discovery on completely different facts and claims. Further, defense counsel in the first filed case would not be handling the newly filed claims. Thus, counsel in the first filed case for Defendants Walmart, Inc., and Defendant

---

[21] *Shump*, 574 F.2d at 1344.

Brosnan Risk Consultants would not only be delayed by 4-6 months but counsel would be sitting idle waiting for Plaintiff and new defense counsel for Walmart, Inc., to conduct discovery on the new employment claims. The only overlapping discovery defense counsel foresee is the deposition of Plaintiff, and Plaintiff's counsel stated only three or four witnesses would overlap. The potential overlap can be cured with discovery limitations.

The Court finds that judicial efficiency is not best served by consolidating these cases for the purposes of discovery and/or trial at this point. However, to avoid the inefficiencies that may be caused by any potential overlapping discovery, the Court will impose the following limitations on discovery: (1) the Court will not allow any overlapping fact witness between the two cases to be deposed more than once, with the exception of Plaintiff, absent pre-approval by the undersigned magistrate judge, and (2) the parties will be allowed to use deposition testimony and written discovery responses in both cases, subject to any proper objections based on relevance or admissibility.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend Pleadings or, in the Alternative, to Consolidate (ECF No. 38) is **denied**.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 24th day of May 2024.

_____
Teresa J. James
U. S. Magistrate Judge